**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KINZIE GENE NOORDMAN, | No. 12-56194 |
| Petitioner - Appellant, | D.C. No. 5:09-cv-00409-JFW-JCG |
| v. |  |
| JAMES E. TILTON, | MEMORANDUM[*] |
| Respondent - Appellee. |  |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted October 10, 2014
Pasadena, California

Before: PREGERSON, TALLMAN, and BEA, Circuit Judges.

Kinzie Noordman, a California state prisoner, appeals the district court's

denial of her petition for habeas corpus. Her appeal challenges her conviction on

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

one count of first degree murder with a sentencing enhancement for use of a firearm "in the commission" of the murder. We affirm.

**1.** We give deference under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), to the California state court's factual conclusion that Noordman waived (both personally and by counsel) her right to be present for the trial judge's answer of the jury's questions. The record reflects Noordman's waiver, and the trial judge said on the record that he had consulted the attorneys about the answer he was about to give, and that both attorneys had agreed he could give that answer, which is sufficient basis for the state court's determination that consultation occurred.

**2.** The trial court did not direct a verdict against Noordman by telling the jury that it need not worry about "the law pertaining to shooting a dead body." The California Superior Court that denied Noordman's habeas petition was not unreasonable in determining that the jury was asking only about the *law*, rather than the *act*. That is, the jury was asking about the legal consequences of shooting a dead body rather than whether the body that was shot was dead. Moreover, the prosecutor's theory of murder did not turn on whether Noordman fired the fatal shot, but on Noordman's actions as a principal in the planning and commission of the murder. Thus, even if the judge's answer to the jury was incorrect, it did not

2

advance the prosecution's stated theory, meaning it did not so "infect[] the entire trial that the resulting conviction violate[d] due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

**3.** Noordman was not prejudiced by the trial court's failure to give *sua sponte* an instruction that a person is responsible for the "natural and probable consequences" of her actions. Her attorney was specifically asked if he wanted the instruction, and declined. Moreover, the California Superior Court was not unreasonable when it noted the low probability of jury misapplication of this doctrine because the prosecution never argued this theory of liability to the jury, and the impossibility of prejudice to Noordman when the instruction would have provided but yet another way to convict Noordman.

The district court's judgment denying Noordman's petition for the writ of habeas corpus is AFFIRMED.